IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cordoray C. Williams, | ) | Civil Action No.: 1:13-3381-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| Warden, Ridgeland Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed this action seeking habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for review of Petitioner's post trial petition for relief and a Report and Recommendation. On April 11, 2014, the Respondent filed a motion for summary judgment. (ECF No. 18). Since Petitioner is *pro se* in this matter, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on April 14, 2014, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 20). In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. Petitioner failed to respond to the motion.

On May 22, 2014, the court issued a second order and advised Petitioner to file a response by June 5, 2014, otherwise the case would be recommended for dismissal. (ECF No. 22). Petitioner did not respond to this order. Thus, Magistrate Judge Hodges recommended that this action be dismissed for lack of prosecution. (ECF No. 24).

The Magistrate Judge makes only a recommendation to this court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). The Magistrate Judge advised Petitioner of his right to file specific objections to the Report and Recommendation. (ECF 24 at 3.) Petitioner has filed no objections and the time for doing so expired on June 27, 2014.

After a thorough review of the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 24) by reference into this order.

It is therefore ORDERED that this action be dismissed with prejudice for lack of prosecution pursuant to Fed.R.Civ.P. 41(b).

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.

                                              /s/ Bruce Howe Hendricks
                                              United States District Judge

Greenville South Carolina
July 10, 2014